UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON, MA                                                                                    CIVIL ACTION NO.

Veronica Dyer, as she is Administrator of, the        )
    Iron Workers District Council of New England  )
    Pension Health and Welfare, Annuity, Vacation, )
    Education Funds, and other Funds,                  )
        ("Ms. Dyer" or "Plaintiff")                            )
        Plaintiff,                                                      )
                                                                                  )
v.                                                                                  )          COMPLAINT
                                                                                  )
New England Building & Bridge Co., ("NEBBCO") )
Defendant.                                                                    )

### INTRODUCTION

1. Plaintiff, Ms. Dyer, as Administrator, brings this action pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 USC §§1132(a)(3) and (d)(1) and 1145, and §301 of the Labor Management Relations Act, as amended, 29 USC §185 ("LMRA"), to collect delinquent contributions and interest owed to employee benefit plans and funds recited in the above caption ("Benefits Funds") and referenced in the collective bargaining agreement ("CBA") attached at Exhibit A. Exhibit A (CBA).

### JURISDICTION & VENUE

2. This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 USC §1132(a), (e) and (f), and §301 of the LMRA, 29 USC §185, without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies as:

    a) Ms. Dyer administers the Benefit Funds from her offices in Boston, MA.

    b) The CBA has a forum selection clause, at page 2, ¶11, that recites Massachusetts as the appropriate venue.

## PARTIES

4. Plaintiff Ms. Dyer administers the Benefit Funds from the Funds' business office located at 161 Granite Avenue, Dorchester, MA 02124.

5. Defendant NEBBCO is a Rhode Island corporation with its principal place of business at 388 Veazie Street, Providence, RI 02904.

## FACTS

6. The Benefit Funds are jointly-trusteed, multi-employer plans within the meaning of §3(3) of ERISA, 29 USC §1002(3).

7. NEBBCO is an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 USC §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185, and the NLRA, at §152(2).

8. NEBBCO signed the CBA.

9. The CBA includes obligations to make contributions into the Benefit Funds for each hour worked by any employee employed by NEBBCO where that labor is articulated in and covered by the CBA.

10. NEBBCO's CBA-covered employees performed, upon information and belief, structural steel erection, CBA covered work on at least three projects, i.e., the:

    a. Harbor Junction Bridge, at 895 Elmwood Avenue in Providence, RI;

    b. Hope Valley Bridge, at Main Street in Richmond, RI; and

    c. Main Street Bridge, at 295 Main Street in Cranston, RI.

11. The CBA and Benefit Funds' instruments and other binding documents require that NEBBCO submit signed weekly payroll reports ("Remittance Reports") detailing, among other things, the hours worked by NEBBCO CBA covered employees and the amounts owed to the Benefit Funds for each employee.

12. Attached at <u>Exhibit B</u> are true and genuine copies of Remittance Reports that NEBBCO sent to Ms. Dyer.

13. NEBBCO failed and refused to pay contributions it admits on the Remittance Reports are owed to the Benefits Funds and past due.

14. Defendant currently owes at least $31,612.22 due under the CBA, plus interest, penalties, and other damages for CBA covered work NEBBCO's employees performed. The amounts due on each project are:

    a. Harbor Junction Bridge        $28,962.70;
    b. Hope Valley Bridge            $ 1,400.30; and
    c. Main Street Bridge            $ 1,249.22.
    Total                            $31,612.22

## COUNT I
(ERISA, Delinquent Contributions)

15. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

16. The failure of NEBBCO to make payment of all contributions owed, along with interest and liquidated damages, violates §515 of ERISA, 29 USC §1145 and the CBA.

17. This is an action under ERISA to recover losses incurred by the Benefits Funds.

## COUNT II
(Breach of Labor Contract, 29 USC §185, 3rd Party-Beneficiary)

18. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

19. NEBBCO failed to pay proper and timely wages and benefits obligated by the CBA for projects performed through November 10, 2018.

20. The failure of NEBBCO timely to pay proper wages and contributions and interest owed violates the terms of the CBA and said violations have caused grave damages and loss to the Benefit Funds.

21. This is an action by the Benefit Funds, by way of Ms. Dyer, as 3rd-Party beneficiary of the CBA, to recover losses and remedy harms.

22. The Benefits Funds, and Ms. Dyer, are third-party beneficiaries of the CBA.

25. NEBBCO has breached its contract by failing to pay Plaintiff at least $31,612.22 due under the CBA, plus interest, penalties, and other damages for CBA covered work NEBBCO's employees performed.

26. This is an action under 29 USC, §185 to recover losses incurred by the Benefit Funds under a 3rd Party Beneficiary theory or other labor contract breach theory.

### Demand for Relief

**WHEREFORE,** Plaintiff respectfully demands that this Court:

1. Enter judgment for Plaintiff against Defendant NEBBCO for damages, and add interest, liquidated damages, attorney fees and costs, as provided for in the CBA, ERISA, and 29 USC, §185;
2. Enter a preliminary and permanent injunction enjoining NEBBCO from operating while refusing or failing to abide by the CBA;
3. Order the attachment of assets, including bank accounts, and accounts receivable belonging to NEBBCO; and
4. Provide such other and further relief as the Court may deem proper and just.

Respectfully submitted,
Plaintiff,
by her Attorney,

/s/ Mickey Long
Mickey Long, BBO# 634388
PO Box E-1
193 Old Colony Avenue
Boston, MA 02127
Tel. 617-269-0229
eFax. 617-765-4300
MickeyLong@outlook.com

April 3, 2019